LAW OFFICE OF JOHN SCHUM
JOHN SCHUM 8525
P.O. BOX 1241
HONOLULU, HI 96807
TELEPHONE NUMBER:  (808) 838-9586
Email:  John@JohnSchum.com

ATTORNEY FOR THE DEFENDANT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 22-CR-00045-JMS |
| | ) | |
| Plaintiff, | ) | SENTENCING STATEMENT |
| | ) | |
| vs. | ) | J. MICHAEL SEABRIGHT |
| | ) | |
| ERIN V. MAZZEI  (02), | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SENTENCING STATEMENT**

The Defendant, Ms. Erin V. Mazzei, by and through her counsel, John

Schum submits the following objections to Probation's Draft Presentence Report,

Document 88 filed on November 22, 2024 (hereinafter, PSR).

**I.**

**PSR ¶ 44 Erroneously Enhances Ms. Mazzei's Offense Level by Three Levels Under USSG § 2S1.1(a)(1) & USSG § 2B1.1(b)(17)(A).**

The PSR, cross-referencing USSG § 2B1.1(b)(17)(A) as required by USSG

§ 2S1.1(a)(1), applies a three-level enhancement – from offense level 21 to offense

level 24 – after finding that "the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions. . . ."  PSR ¶ 44.  The PSR errs applying this enhancement.

In order for that enhancement to apply, the plain language of the guideline's commentary states that a defendant must have derived more than $1,000,000; jointly derived funds do not count towards the required amount.  *See* USSG, § 2B1.1, comment. (n.13) ("For purposes of subsection (b)(17)(A), the defendant shall be considered to have derived more than $1,000,000 in gross receipts *if the gross receipts to the defendant individually*, *rather than to all participants*, exceeded $1,000,000.") (emphasis added).  As the PSR finds, of the total amount of $1,365,332.00 in illegally-derived funds, less than $1,000,000 was *solely* received by Ms. Mazzei.  *See* PSR ¶ 22 ("Customers Bank approved the BHE PPP loan application and wired $92,500 to Pacific Premier Bank checking account #8237 *controlled by [Mr. and Mrs.] Mazzei[]*, under the name of BHE, doing business as GOTG.") (emphasis added); PSR ¶ 23 ("Northeast Bank approved the PPP loan, and on 04/27/2020, wired $562,500 *to the Mazzeis'* Pacific Premier Bank account #8237.") (emphasis added); PSR ¶ 24 ("Only BOH, after approving the PPP loan application, mailed a cashier's check to C. Mazzei in the amount of $710,332.").  Less than $1,000,000 was received solely by Ms. Mazzei.

Because Ms. Mazzei did not "individually" receive more than $1,000,000, the PSR errs by adding three offense levels to her total offense level.

**II.**

**PSR ¶ 45 Erroneously Enhances Ms. Mazzei's Offense Level by Two Levels Under USSG § 2S1.1(b)(2)(B).**

The PSR applies a two-level enhancement under USSG §2S1.1(b)(2)(B) after finding that "the defendant was convicted under 18 USC § 1956." PSR ¶ 45. Although Count 3 of the indictment does charge that Ms. Mazzei violated § 1956(h) by conspiring with her husband, Christopher Mazzei, to violate § 1957 (but not conspiring to violate any "substantive" provision of § 1956), this Court should deem Ms. Mazzei of having been "convicted" under § 1957 (the sole object of the charged conspiracy). USSG § 2S1.1, comment. (n.3(C)). ("Subsection (b)(2)(B) shall not apply if the defendant was convicted of a conspiracy under 18 U.S.C. § 1956(h) and the sole object of that conspiracy was to commit an offense set forth in 18 U.S.C. § 1957."); *United States v. Tedder*, 403 F.3d 836, 842-44 (7th Cir. 2005) (Easterbook, J.) (discussing Application Note 3(C)); *cf. United States v. Ugoh*, 537 Fed. App'x 126 (3d Cir. 2013) (holding that a defendant convicted under 18 U.S.C. § 371 for conspiring to violate § 1956 should receive the two-level enhancement under USSG § 2S1.1(b)(2)(B) because the object of the conspiracy was a "substantive" violation of § 1956).

The Sentencing Commission clearly believes that money-laundering activity that violates a "substantive" provision of § 1956 is more serious conduct than money-launder activity that merely violates § 1957.  *See also United States v. Acanda*, 19 F.3d 616, 619 (11th Cir. 1994) (noting "the Sentencing Commission specifically intended defendants convicted of promoting further crimes to receive greater sentences than those defendants who did not act to maintain an ongoing cycle of criminal activity") (discussing the former version of § 2S1.1).  Although § 1956(h) is the conspiracy provision for both § 1956 and § 1957, when that conspiracy provision is applied solely to an object of the conspiracy that violated § 1957, the defendant in such a case should be deemed "convicted" of violating § 1957 rather than § 1956 for purposes of § 2S1.1(b)(2).  The indictment and PSR clearly show that Ms. Mazzei engaged in conduct that solely violated § 1957 rather than any "substantive" provision of § 1956.

Therefore, this Court should apply a one-level enhancement under § 2S1.1(b)(2)(A) rather than a two-level enhancement under § 2S1.1(b)(2)(A).

## III.

### The Proper Guideline Range

After reducing Ms. Mazzei's total offense level by four levels – based on the foregoing two objections – her final offense level should be 17 rather than 21.

Based on a Criminal History Category I, her advisory sentencing guideline range should be 24-30 months rather than 37-46 months (as stated in PSR ¶ 96).

DATED:  Honolulu, Hawai`i, December 5, 2024.

*/s/ John Schum*
JOHN SCHUM
Attorney for Defendant 02
ERIN V. MAZZEI